**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| FELLISHA GRIFFIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:24-CV-138 (LAG) |
| | : | |
| JAMES ALFRED STANLEY JR., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court are Plaintiff's *pro se* Amended Complaint[1] (Doc. 5) and Motion for Leave to Proceed *In Forma Pauperis* (IFP) (Doc. 2). For the reasons stated below, Plaintiff's Motion for Leave to Proceed IFP (Doc. 2) is **GRANTED**, and her Amended Complaint (Doc. 5) is **DISMISSED without prejudice**.

## LEGAL STANDARD

Courts follow a well-established, two-step procedure when analyzing *pro se* complaints filed IFP under 28 U.S.C. § 1915. *See Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985); *Anderson v. Perez*, 860 F. App'x 688, 689 (11th Cir. 2021) (per curiam). "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Procup*, 760 F.2d at 1114. Next, before plaintiffs seeking IFP status can proceed with their claims, "the district court must 'screen' [their] complaint" to determine "whether the claim asserted is "frivolous or malicious" and whether the plaintiff has successfully stated "a claim on which relief may be granted." *Anderson*, 860 F. App'x at 689 (quoting 28 U.S.C. § 1915(e)(2)) (conducting the § 1915(e)(2) frivolity review in a case with a non-prisoner plaintiff); *see*

---

[1]    The Court ordered Plaintiff to file an Amended Complaint "containing a short and plain statement of the grounds for the Court's jurisdiction and a short and plain statement of the grounds under which she is entitled to relief." (Doc. 4 at 2).

*also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam) (noting that although Congress used the word "prisoner," § 1915 applies to non-prisoner indigent litigants as well as prisoners).

Courts may authorize an action to proceed "without prepayment of fees or security" if the person seeking IFP status "submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). Section 1915 is designed to ensure that indigent litigants have meaningful access to the courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). It does not, however, create an absolute right to proceed in civil actions without prepayment of costs. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When considering an IFP motion, the Court must determine "whether the statements in the affidavit satisfy the requirement of poverty." *Bourassa v. Dozier*, 832 F. App'x 595, 597 (11th Cir. 2020) (per curiam) (citation omitted). An IFP affidavit is "sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents" without foregoing the "necessities of life." *Id.* (citation omitted); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

## DISCUSSION

### I.      Motion for Leave to Proceed IFP

Plaintiff represents that she is not presently employed, she and her spouse receive monthly disability payments totaling $1900.00, and they have average monthly expenses of $1780.00. (Doc. 2). Plaintiff's monthly income is thus insufficient to cover the $405.00 filing fee in this Court.[2] Plaintiff sufficiently has represented that, under § 1915(a), she is "unable to pay for the court fees and costs and to support and provide necessities for himself." *Bourassa*, 832 F. App'x at 597 (quoting *Martinez*, 364 F.3d at 1307). Accordingly, the Motion to Proceed IFP is **GRANTED**.

---

[2]      *See Fee Schedules*, U.S. Dist. Ct. for the Middle Dist. of Ga., https://www.gamd.uscourts.gov/fee-schedules (last visited May 12, 2026).

## II.    Frivolity Review

Having concluded that Plaintiff is eligible to proceed IFP, the Court now assesses whether Plaintiff's claim passes the 28 U.S.C. § 1915(e)(2) frivolity review. Section 1915(e) provides that an IFP action shall be dismissed, at any time, if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Dismissal for failure to state a claim is appropriate if the complaint's factual allegations fail to state a claim for relief that is 'plausible on its face.'" *Jacobs v. Blando*, 592 F. App'x 838, 840 (11th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As a general rule, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that a *pro se* complaint "can only be dismissed . . . if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (internal citations omitted).

Plaintiff sues a Florida attorney for what she asserts as "state law claims for negligence and personal injury." (Doc. 5 at 3). However, Plaintiff's Amended Complaint does not assert any facts demonstrating how Defendant was involved or what he allegedly did to cause Plaintiff harm. In her statement of claim, Plaintiff only asserts that "she is in constant pain" and is experiencing several health difficulties. (Doc. 5 at 4). It is unclear to the Court how an attorney could be responsible for the health difficulties Plaintiff is experiencing. As there is no apparent connection between Defendant and the alleged harm, Plaintiff has failed to state a claim upon which relief can be granted.

3

District courts are instructed to give a *pro se* plaintiff an opportunity to amend the complaint when it appears the complaint might state a claim if it is more carefully drafted. *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). Here, the Court previously gave Plaintiff the opportunity to amend her Complaint, but the same problems remain. (*See* Docs. 1, 4, 6). Moreover, for the reasons set forth above, it does not appear that a more carefully drafted complaint might state a claim.

Accordingly, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**. Plaintiff's Amended Complaint (Doc. 5) is **DISMISSED without prejudice.**

**SO ORDERED**, this 26th day of May, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

4